[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' MOTION TO STRIKE COMPLIANT ALLEGING FOR CAUSE EMPLOYMENT CONTRACT
This is an action that stems from a decision by defendant, United Technologies Corporation, Sikorsky Aircraft Division to terminate its employment relationship with the plaintiff John E. Miller, Jr. The revised complaint in this action sets out the salient facts and legal claims.
On August 15, 2000, the plaintiff filed a two count revised complaint (complaint) in breach of contract and promissory estoppel against the defendant. In the complaint plaintiff John E. Miller alleges that he was introduced to the defendant through an employment headhunter and that he was hired by the defendant in August of 1986. The plaintiff alleges further that during the hiring process he was told by Gary Faust, an employee of the defendant, that he would be working in a new area of business, simulation software and avionics systems; that his talents made him well suited for the position; and that he would fit right with the defendant corporation. The plaintiff alleges that these statements, coupled with the conduct of the defendant and its agents, indicated to him that his employment with the defendant was secure. As a result, the plaintiff alleges that he left his employment as a senior engineer with a company in Houston, Texas and relocated to work as an electrical and software engineer for the defendant in Connecticut. CT Page 14243
Thusly, the plaintiff further alleges that an employment contract was created between him and the defendant, a contract in which he agreed to work for the defendant, perform his duties and not seek employment elsewhere and the defendant agreed not to terminate his services without cause. The plaintiff alleges further that notwithstanding this contract, the defendant on or about February 24, 1994, discharged him from its employment without just cause.
The defendant has filed a motion to strike counts one and two of the plaintiffs complaint, accompanied by a memorandum of law, on the ground that the plaintiff fails to allege in his complaint that the defendant corporation had agreed, either by words or action, to undertake some form of contractual commitment to him. The plaintiff has filed a memorandum of law in opposition to the defendant's motion to strike, and the defendant has filed a reply memorandum of law in support of the motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) Doev. Yale University, 252 Conn. 641, 694, 748 A.2d 834 (2000).
A. Count One: Breach of Implied Contract
"[A]ll employer-employee relationships not governed by express contracts involve some type of implied contract of employment." (internal quotation marks omitted.) Gaudio v. Griflin Health Services Corp.,249 Conn. 523, 532, 733 A.2d 197 (1999). "[T]o prevail on [such a claim]. . . the plaintiff [has] the burden of proving by a fair preponderance of the evidence that [the employer] had agreed, either by words or action or conduct, to undertake [some] form of actual contract commitment to him under which he could not be terminated without just cause." (Internal quotation marks omitted.) Torosyan v. BoehringerIngelheim Parmaceuticals, Inc., 234 Conn. 1, 15, 662 A.2d 89 (1995). "The plaintiff's belief that he had an employment contract with the defendant, without more, is insufficient to sustain an implied contract claim."Reynolds v. Chrysler First Commercial Corp., 40 Conn. App. 725, 732,673 A.2d 573, cert. denied, 237 Conn. 913, 675 A.2d 885 (1996).
In the present case, the defendant moves to strike count one because the plaintiff does not allege any words, acts or conduct by which the defendant agreed that the plaintiff would not be discharged without CT Page 14244 cause. The plaintiff merely alleges that Faust represented to him that his job was "secure," and that based upon these representations he believed that his job was in fact secure. These statements, without more, do not alter the fundamental at will nature of the parties' relationship, or transform it into an agreement by which the plaintiff could be discharged only for cause. See Torosyan v. Boehringer IngelheimParmaceuticals, Inc., supra, 234 Conn. 15. See also Reynolds v. ChryslerFirst Commercial Corp., supra, 40 Conn. App. 732 (the plaintiffs belief that he had an employment contract with the defendant, without more, is insufficient)
The court finds that the plaintiffs allegations are not tantamount to an express promise not to terminate his employment except for just cause. Furthermore, the court finds that the plaintiffs assertion in this regard constitutes a legal conclusion sans subordinate factual support.Doe v. Yale University, supra, 252 Conn. 694 (a motion to strike does not admit legal conclusions or the truth or accuracy of opinions).
B. Count Two: Promissory Estoppel
"Under our well-established law, any claim of [promissory] estoppel is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury." (Internal quotation marks omitted.) Chotkowski v. State, 240 Conn. 246, 268, 690 A.2d 398 (1997). "A fundamental element of promissory estoppel, therefore, is the existence of a clear and definite promise which a promisor could reasonably have expected to induce reliance. Thus, a promisor is not liable to a promisee who has relied on a promise if, judged by an objective standard, he had no reason to expect any reliance at all."D'Ulisse-Cupo v. Board of Directors of Notre Dame High School,202 Conn. 206, 213, 520 A.2d 217 (1987).
In the present case, the defendant moves to strike count two because the plaintiff does not allege the existence of a clear and definite promise. The plaintiff only alleges that he was told by Faust that his talents made him well suited for a position with the defendant corporation and that because of his talents, and the fact that he would be working in a new area of business for the defendant, his employment with the defendant was "secure." The plaintiff alleges that as a result of these representations he accepted a position with the defendant.
The statements alleged by the plaintiff to be actionable are, on their face, no more than the usual representations made during the hiring CT Page 14245 process indicating that the defendant wanted to hire the plaintiff because he was well suited for the job. None of the representations did anything to alter the fundamental at will nature of the parties' relationship, or transform it into an agreement by which the plaintiff could be discharged only for cause. See Torosyan v. Boehringer Ingelheim Parmaceuticals,Inc., supra, 234 Conn. 15; Reynolds v. Chrysler First Commercial Corp., supra, 40 Conn. App. 732. Nor were the representations, with regard to the plaintiff's employment, so clear and definite as should have induced the plaintiff to believe that he could not be terminated at will.D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, supra,202 Conn. 213 (representations do not invoke a cause of action for promissory estoppel where they are neither sufficiently promissory nor sufficiently definite to support contractual liability).
For the reason that the court hereby concludes that the allegations of the complaint are not sufficient to support a cause of action in breach of contract or promissory estoppel, the court hereby enters the following order:
The Motion to Strike Counts One and Two of the Revised Complaint is granted.
Clarance J. Jones, Judge.